IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LORI ANN SIEBER, )
)
        Plaintiff, )
) CIVIL ACTION
v. )
) No. 17-2630-JWL
)
NANCY A. BERRYHILL, )
Acting Commissioner of Social Security, )
)
        Defendant. )
_____ )

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's Motion for Attorney Fees (Doc. 11) (hereinafter Pl. Mot.). The Acting Commissioner (hereinafter Commissioner) does not oppose a fee award, but argues that the amount requested is unreasonable because an unreasonable amount of time was expended in preparing Plaintiff's Social Security Brief. (Doc. 12) (hereinafter Comm'r Resp.) The court finds the time billed is excessive. Therefore, it PARTIALLY GRANTS Plaintiff's motion for 33.00 hours of attorney fees at the rate of $191.25, resulting in a fee award of $6,311.25 as explained hereinafter.

**I.    Background**

Plaintiff sought review of the Commissioner's decision denying disability insurance benefits. (Doc. 1). The Commissioner answered and filed the transcript of

record with the court.  (Doc. 6).  Almost a month after Plaintiff filed her Social Security Brief (Doc. 7), the Commissioner filed an "UNOPPOSED MOTION FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)," confessing (without specifying) error in the decision below.  (Doc. 8).  Plaintiff now seeks payment of attorney fees pursuant to the EAJA.[1]  (Pl. Mot.).

Plaintiff's counsel asserts that Plaintiff is the prevailing party as defined in the EAJA, that the Commissioner's position was not substantially justified, that no circumstances present in this case make an award unjust, that he expended 39.25 hours in this case, and that the fee cap under the EAJA, adjusted for cost of living increases, is $191.25 per hour.  (Pl. Mot. 1-2).  He argues, therefore, that a reasonable fee in this case is $7,506.00.  Id. at 3-4.

The Commissioner argues that the 37.25 hours billed for drafting Plaintiff Social Security Brief is excessive.  (Com'r Resp. 1).  Specifically, she argues that Plaintiff's

---

[1]In relevant part, the EAJA states:

(d)(1)(A) ... a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust....

(2)(A) For the purposes of this subsection--

. . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee.

28 U.S.C. § 2412.

request is unreasonable because it includes time not properly billable to a client or, by extension, to an adversary. Id. at 2. She argues that 37.25 hours reviewing the record and preparing a 26-page opening brief is excessive for an experienced Social Security practitioner, with a record only slightly larger than typical, and relying on standard authorities, and routine arguments. Id. at 3-4. She also argues that "to the extent that counsel may assert that the expenditure of time was necessary for another attorney at the firm to come up to speed on the matter, this is not time properly billable to a paying client." Id. at 4 (citing Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998)).

## II. Legal Standard

The court has a duty to evaluate the reasonableness of every fee request. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The EAJA, 28 U.S.C. § 2412, requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)). The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living. Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii). As the Commissioner points out, the Tenth Circuit has explained that a court "should approach this reasonableness inquiry much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients." (Comm'r Resp. 2) (quoting Robinson, 160 F.3d at 1281).

The party seeking attorney fees bears the burden of proving that its request is reasonable and must "submit evidence supporting the hours worked." Hensley, 461 U.S. at 433, 434. The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended. Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989).

## III. Analysis

In her Reply, Plaintiff's counsel explained that the attorney who had represented her before the Commissioner "has not represented claimants before the [federal district court] and has no experience writing arguments at that level." (Doc. 13, p.2) (hereinafter Pl. Reply). Therefore, he explained, "a separate review of the record before the Court was required by [plaintiff's counsel before the district court] in order for them to adequately draft Plaintiff's initial brief. This was specifically necessary in order for counsel to outline the medical evidence for the Court [sic] as well as reference relevant portions of the record in the argument sections of the brief." Id. He concluded that "[w]hile it may be unfortunate for Defendant that counsels' office has separate attorneys that represent claimants before [the Social Security Administration and the federal district court], there is nothing that is detrimental to the client where her counsel specialize with regard to different levels of representation." Id.

Plaintiff's counsel's argument reveals the unreasonableness of the fees requested. While there may be some benefit to the client where attorneys within a firm specialize in different levels of representation, as the Commissioner argues it would be improper for a

firm to charge its client for the time spent in bringing new attorneys up to speed on a case where the firm chooses to use different counsel in different phases of the litigation. See, e.g., Lowerre v. Colvin, No. 12-218E, 2014 WL 3529987, at *2 (W.D. Pa. July 15, 2014) (unpublished) (disallowing "duplicative work created by two attorneys leaving counsel's firm and each newly assigned attorney becoming familiar with the case"). Where it would not be appropriate to charge a client for time expended, it is not reasonable to charge the client's adversary. Robinson, 160 F.3d at 1281 (a court examines whether the tasks at issue would be billed to a paying client).

Counsel's time records reveal that on March 20 and 21, 2018 counsel spent 8.5 hours reviewing the transcript of this case. (Pl. Mot., Attach. 3). Another attorney spent .75 hours reviewing the draft brief and the ALJ's decision on March 27, 1 hour reviewing and summarizing the transcript on March 28, 1.25 hours reviewing and summarizing testimony on March 29, and .75 hours on March 30 to finish the review, resulting in a total of 12.25 hours reviewing and summarizing the transcript of this case. Id. The court recognizes that some of that time would have been necessary even if the attorneys had represented Plaintiff before the Commissioner, but it finds that 6.25 hours of that time is excessive.

In sum, the court finds that a reasonable amount of time expended before this court is 33.00 hours (39.25 hours less 6.25 hours). At a rate of $191.25 per hour, the court finds a total fee award of $6,311.25 is reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Attorney Fees" (Doc. 11) be GRANTED in part, and DENIED in part, and that fees be awarded in the sum of $6,311.25.

Dated this 12th day of July 2018, at Kansas City, Kansas.

                                                  s:/ John W. Lungstrum
                                                  **John W. Lungstrum**
                                                  **United States District Judge**